Miguel HERNANDEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–88–00503–CR.

Court of Appeals of Texas,
San Antonio.

June 28, 1989.

Abelardo Garza, San Antonio, for appellant.

Fred G. Rodriguez, Priscilla Garcia, Tessa Herr, and Daniel Thornberry, Crim. Dist. Attys., San Antonio, for appellee.

Before BUTTS, CHAPA and BIERY, JJ.

## OPINION

CHAPA, Justice.

Appellant, Miguel Hernandez, was convicted by the trial court for the offense of driving while intoxicated, and sentenced to 60 days in jail, probated for two years, plus a $350.00 fine. Appeal has been perfected. We affirm.

The only issue before this court is whether the evidence is insufficient to establish "that appellant drove the vehicle while intoxicated."

On March 5, 1988, San Antonio Police Officer Lina Ortiz was dispatched to Northeast Loop 410 in San Antonio, where a vehicle was reported to be traveling in the wrong direction. She arrived at the location within minutes and found a pickup stopped, facing the wrong way in the inside lane of traffic. The engine was running, the lights were on, and appellant was asleep alone in the drivers' seat with his foot on the brake pedal. When Officer Ortiz turned off the ignition to the pickup, appellant woke up. Appellant was asked to step out of the pickup and was found to be intoxicated. A subsequent intoxilyzer test disclosed a reading of .15.

The test for determining the sufficiency of the evidence to support a criminal conviction is the same in both direct and circumstantial evidence cases. *Dickey v. State*, 693 S.W.2d 386, 387 (Tex.Crim. App.1984); *Carlsen v. State*, 654 S.W.2d 444, 449 (Tex.Crim.App.1983, on rehearing). The standard of review requires that we look at the evidence in the light most favorable to the prosecution and determine whether a rational trier of fact would have found the essential elements of the crime

beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Dickey v. State,* 693 S.W.2d at 387; *Carlsen v. State,* 654 S.W.2d at 449. Every circumstantial evidence case must be tested by its own facts to determine the sufficiency of the evidence to support the conviction. *Johnson v. State,* 673 S.W.2d 190, 195 (Tex.Crim.App. 1984).

■ Appellant primarily relies on *Reddie v. State,* 736 S.W.2d 923 (Tex.App.—San Antonio 1987, pet. ref'd). However, that case is distinguishable from the case before us.

In *Reddie, supra,* the vehicle was found stopped on a road outside the city limits of San Antonio leading to a new residential area; there was no indication of how long the vehicle had been stopped; there was no indication that the accused, while intoxicated, had driven the vehicle; no tests were administered to the appellant and no officer testified that the accused was intoxicated. This court held that under those circumstances, the evidence was insufficient to support a DWI conviction.

Here, a report was received that a vehicle was traveling the wrong way at the scene in question; minutes later, the appellant was discovered in a vehicle at the same location, stopped facing the wrong way in the inside lane of a heavily traveled highway; the engine and lights of the vehicle were on, and the appellant was asleep alone in the driver's seat with his foot on the brakes; the appellant was intoxicated at the scene, which was substantiated by testimony of a police officer and a valid intoxilyzer test.

In *Greene v. State,* 640 S.W.2d 645 (Tex. App.—Houston [14th Dist.] 1982, no pet.) the court held the circumstantial evidence sufficient to prove the defendant operated the vehicle involved where immediately after an automobile accident, the car was found still smoking, resting partially on the walkway and partially on the street. The defendant was discovered lying in the front seat of his car with his head toward the passenger's side and his feet toward the driver's side.

In *Keenan v. State,* 700 S.W.2d 12 (Tex. App.—Amarillo 1985, no pet.) the court found the circumstantial evidence sufficient to prove the appellant was actually driving at the time he was intoxicated where the defendant was found alone in his vehicle which was parked predominantly on the road with its lights on and where exhaust was observed coming from the tailpipe on at least one occasion.

In *Perez v. State,* 432 S.W.2d 954 (Tex. Crim.App.1968) the court found the circumstantial evidence sufficient, independent of the admissions of the accused, to prove he was driving the vehicle in question, where immediately after an accident, his vehicle was found crashed into a parked car in the front yard, with tire tracks leading from the said vehicle back to a torn down fence and tree and onto the roadway. The defendant was found alone in the vehicle seated behind the steering wheel.

In the case before us, the report of a vehicle going the wrong way on a public highway minutes before appellant was discovered at the same location, the location and position of the vehicle appellant was discovered alone in, and the fact the engine was running and the lights were on was circumstantial evidence sufficient for a rational trier of fact to find that the vehicle appellant was in had been driven on a public street shortly before it was found. The appellant's sobriety test results, the testimony of the police officer as to the intoxicated condition of the appellant at the scene, and the appellant being found alone in the driver's seat with his foot on the brake, was circumstantial evidence sufficient for a rational trier of the facts to find that the appellant, in an intoxicated condition, was the person operating the vehicle in question. We conclude that the evidence was sufficient to sustain the conviction.

The judgment is affirmed.