Affirmed and Memorandum Opinion filed August 23, 2007








Affirmed and Memorandum Opinion filed August 23, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00812-CR

_______________

 

RODNEY McDOWELL, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 337th District Court

 Harris County, Texas

Trial Court Cause No. 985524

                                                                                                                                                

 

M E M O R A N D U M  O P I N I O N

A jury found appellant, Rodney McDowell, guilty of
intoxication manslaughter, and the trial court sentenced him to sixteen years= confinement.  In
one issue, appellant contends the evidence is legally and factually
insufficient to support his conviction.  Our disposition is based on settled
law.  Accordingly, we issue this memorandum opinion and affirm. See Tex. R. App. P. 47.4.  

 

 








I. Background

During the evening of October 31, 2003, Keisha Davis was
driving home after visiting her husband at his place of employment.  Around 10:30
p.m., Mrs. Davis was traveling north, in the far right lane on Scott, toward
the intersection of Scott and Wheeler.  Deirdre Curnell was also driving northbound
on Scott in the lane on the left side of Mrs. Davis=s vehicle.  As 
Mrs. Davis started to drive through the intersection, she noticed a Ford
Taurus, heading eastbound on Wheeler.  The driver of the Taurus was traveling
at a high rate of speed toward the intersection, and he did not appear to brake
or slow down.  The Taurus collided with Curnell=s vehicle.  This
collision forced Curnell=s vehicle into the back left portion of
Mrs. Davis=s car and caused Mrs. Davis=s car to spin
around. 

After the collision, Mrs. Davis checked on the passengers
in her car and called her husband, Billy Davis, and 911.  Mr. Davis, a Houston
Independent School District police officer, activated the emergency lights on
his patrol vehicle and drove to the scene of the accident. When he arrived, all
three cars involved in the collision were still in the intersection.  Mr. Davis
first checked on his wife.  Then he checked on Curnell, who was in the second
vehicle.  He discovered that she did not have a pulse.  He next checked on the
individual in the Taurus.  Mr. Davis found appellant positioned in the Taurus
driver=s seat.  Appellant
was the only individual in the car.  At the time, appellant was unresponsive
but had a pulse.  Mr. Davis detected the odor of alcohol on appellant and
noticed a half-empty bottle of alcohol on the passenger-seat floorboard.             








Officer Terry Houston of the Houston Police Department
investigated the accident at the scene.  He was not able to talk with appellant
or conduct a field sobriety test at the scene.  Curnell was taken to Ben Taub
Hospital, and appellant was taken to Memorial Hermann Hospital.  Officer
Houston spoke with appellant later that evening at the hospital.  Officer
Houston noticed appellant had a strong odor of alcohol on his breath, his speech
was slurred, and his eyes were red.  Appellant admitted to Officer Houston that
he had a few beers before the accident.  Officer Houston also had a blood
sample taken from appellant, which indicated appellant=s blood alcohol
level was 0.13 grams of alcohol per 100 milliliters of blood. Curnell died from
injuries sustained in the collision. 

A jury found appellant guilty of intoxication manslaughter,
and the trial court sentenced him to sixteen years= confinement.  

II. Standard of Review

In his sole issue, appellant contends the evidence is
legally and factually insufficient to support his conviction for intoxication
manslaughter because the State failed to prove beyond a reasonable doubt that
appellant was the person operating the vehicle that killed Curnell. 
Specifically, appellant contends that between the time of the accident and the
moment when Mr. Davis first looked into the Taurus, another person who might
have been the driver could have exited the vehicle and left the accident
scene.  

In a legal-sufficiency review, we view all the evidence in
the light most favorable to the verdict and then determine whether a rational
trier of fact could have found the essential elements of the crime beyond a
reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319 (1979); Salinas
v. State, 163 S.W.3d 734, 737 (Tex. Crim. App. 2005).  The jury, as the
sole judge of the credibility of the witnesses, is free to believe or
disbelieve all or part of a witness=s testimony.  Jones
v. State, 984 S.W.2d 254, 257 (Tex. Crim. App. 1998).  We do not engage in
a second evaluation of the weight and credibility of the evidence, but only
ensure the jury reached a rational decision.  Muniz v.State, 851 S.W.2d
238, 246 (Tex. Crim. App. 1993); Harris v. State, 164 S.W.3d 775, 784
(Tex. App.CHouston [14th Dist.] 2005, pet. ref=d).  








In a factual-sufficiency review, we view all the evidence
in a neutral light and set aside the verdict Aonly if it is so
contrary to the overwhelming weight of the evidence as to be clearly wrong and
unjust.@  Cain v. State,
958 S.W.2d 404, 407 (Tex. Crim. App. 1997) (quoting Clewis v. State, 922
S.W.2d 126, 129 (Tex. Crim. App. 1996)).  Before we may reverse for factual
insufficiency, we must first be able to say, with some objective basis in the
record, that the great weight and preponderance of the evidence contradicts the
jury=s verdict.  Watson
v. State, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006).  We do not
re-evaluate the credibility of witnesses or the weight of evidence, and will
not substitute our judgment for that of the factfinder.  Johnson v. State,
967 S.W.2d 410, 412 (Tex. Crim. App. 1998). 

Evidence can be both legally and factually sufficient to
support a conviction even if it is entirely circumstantial.  See King v.
State, 29 S.W.3d 556, 565 (Tex. Crim. App. 2000).  The standard of review
for cases based on circumstantial evidence is the same as the standard for
reviewing cases with direct evidence.  Id.  Not every fact supported by
circumstantial evidence must directly and independently point to the defendant=s guilt.  Johnson
v. State, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993).  Instead, the
conclusion is sufficient if it is  justified by the combined and cumulative
force of all the incriminating circumstances.  Id.

III. Analysis

Under
Texas Penal Code section 49.08(a), a person commits intoxication manslaughter
if he operates a motor vehicle in a public place while intoxicated and by
reason of his intoxication causes the death of another by accident or mistake. 
Tex. Penal Code Ann. ' 49.08(a) (Vernon 2003). 
Intoxication is defined as not having the normal use of mental or physical
faculties by reason of the introduction of alcohol into his body or having an
alcohol concentration of at least 0.08 or more.  Tex. Penal Code Ann. ' 49.01(2) (Vernon 2003). 








Appellant argues the mere fact that he was sitting in the
driver=s seat and sustained
injuries only shows he was in the car at the time of the accident but does not
necessarily show he was operating the vehicle at the time of the accident. 
Appellant further contends that Mrs. Davis was too preoccupied checking on her
own passengers to notice if the Areal@ driver had exited
the Taurus.  In response, the State contends that a rational jury could have
found beyond a reasonable doubt that appellant was the operator of the vehicle
based on the strong circumstantial and direct evidence. 

Courts of appeals have found circumstantial evidence
sufficient to prove a defendant was the driver where the defendant was found in
the driver=s seat shortly after an accident. See Hernandez
v. State, 773 S.W.2d 761, 762 (Tex. App.CSan Antonio 1989,
no pet.) (finding circumstantial evidence legally sufficient to prove defendant
was the operator of  the vehicle where only minutes after a report of a vehicle
moving the wrong way on a public road, the defendant was found at the same location,
behind the driver=s seat, alone, with the engine running and
the lights activated); see also Holder v. State, 354 S.W.2d 153,
154B55 (Tex. Crim.
App. 1962) (finding evidence sufficient to prove defendant was operating the
vehicle when she was found alone, in the driver=s seat, Athree or four@ minutes after the
collision); Vasquez v. State, 415 S.W.2d 188, 190 (Tex. Crim. App. 1967)
(holding evidence that the defendant was found alone in the vehicle Aimmediately after
the collision@ with his feet under the steering wheel was sufficient
to prove he was the driver).








Courts have also found circumstantial evidence sufficient
to prove the defendant was the driver by considering positioning of the
defendant=s body in the vehicle.  See Sandford v. State,
334 S.W.2d 184, 185B86 (Tex. Crim. App. 1960) (finding
evidence sufficient Ato exclude any outstanding hypothesis that
some other person could have been the driver of the automobile@ where the
defendant was found unconscious in the driver=s seat, all car
doors were locked, and there was no other person in the car or near the scene);
see also Green v. State, 640 S.W.2d 645, 648 (Tex. App.CHouston [14th
Dist.] 1982, no pet.) (finding where there were no witnesses to the accident
and an unnamed man at the accident scene was observed assisting the defendant
immediately after the accident, the evidence was sufficient to support the
finding that the defendant was the driver of the vehicle because the defendant
was alone in the vehicle and his feet were positioned near the steering wheel
with his head facing toward the passenger=s side).

Here, there was sufficient direct and circumstantial
evidence that appellant was the operator of the vehicle.  At trial,  Mrs. Davis
testified that she observed the Taurus traveling at a high rate of speed toward
the intersection but could not see the person who was driving the Taurus. 
After the accident, she first checked on the passengers in her vehicle and then
called her husband and 911.  She testified that her husband arrived on the
scene in less than six or seven minutes.  Mrs. Davis did not check on the
individuals in the other two vehicles.  After the collision, she could not see
anyone=s head in the
Taurus.  Mrs. Davis testified that she told the 911 operator that she Acouldn=t see anybody.@  Specifically,
she told the operator that she Acouldn=t see any heads or
anything@ and asked the
operator Ato send a couple of ambulances because no one was
moving@ or had gotten out
of the vehicles at that time.  Mrs. Davis also explained that while her husband
was checking on the appellant seated in the Taurus, she did not see anyone exit
the vehicle.  She further explained that she did not see any other individuals
at or near the scene of the accident other than a Metro Bus stopping at a bus
stop near the intersection after the accident occurred.   

In addition, Mr. Davis testified that he was working about
eight to nine miles from the scene of the accident. After he received his wife=s call, he
immediately drove to the scene using his marked police vehicle.  Mr. Davis
arrived in less than five or six minutes.  He first checked on his wife who was
standing outside her vehicle waiting for him and checked on Curnell and
appellant. As Mr. Davis approached the Taurus, he observed that appellant was
the only person in the car.  Mr. Davis called out to appellant, and appellant
did not respond.  Mr. Davis found appellant positioned in the driver=s seat and took
his pulse at the driver=s seat.    








A rational jury could have reasonably concluded appellant
was the driver of the Taurus that collided with and killed Curnell based on the
positioning of his body in the driver=s seat, the short
time period between the accident and Mr. Davis=s finding
appellant in the driver=s seat, and Mrs. Davis=s testimony that
she did not see Aany heads@ in the vehicles
when she called 911 after the accident.  Viewing the evidence in a neutral
light, we conclude that the jury=s verdict is not
contrary to the great weight and preponderance of the evidence and find the
evidence factually sufficient. 

 Accordingly, appellant=s sole issue is
overruled, and the trial court=s judgment is affirmed. 

 

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered and Memorandum
Opinion filed August 23, 2007.

Panel consists of Justices Yates,
Edelman and Seymore.

Do Not Publish C Tex.
R. App. P. 47.2(b).