**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4456-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

VINCENT M. SPERANZA,

     Defendant-Appellant.

_____

Submitted September 16, 2021 – Decided September 22, 2021

Before Judges Haas and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Municipal Appeal No. 10-02-020.

Maitlin Maitlin Goodgold Brass & Bennett, attorneys for appellant (Scott A. Gorman, of counsel and on the briefs).

Mark Musella, Bergen County Prosecutor, attorney for respondent (Edward F. Ray, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Following a trial de novo in the Law Division, defendant Vincent M. Speranza appeals his conviction for driving while intoxicated (DWI). N.J.S.A. 39:4-50(a). We affirm.

Before the municipal court trial began, the parties stipulated to the following facts. "During the late evening of . . . June 24, 2019," a citizen called the police to report there was "an unconscious male in a vehicle" at an intersection. When Officer James Bakelaar responded to the scene, he found defendant asleep in the driver's seat of his car that was parked with the engine running in the street at the intersection. Even though the officer shook defendant, yelled at him, and opened his eyelids, he was unable to "rouse" defendant.

By this time, Officer William Plisich had arrived at the intersection to assist Bakelaar. Together, the two officers "dragged" defendant from the car after opening his unlocked car door. Defendant then woke up. Defendant stated "that he had come from a friend's house, but he did not know where he was." Defendant did not tell the officers his friend's name and did not disclose where his friend lived. The officers learned that defendant lived about a mile away from the intersection.

A-4456-19

The parties further stipulated that defendant was intoxicated at the time Bakelaar found him in the car. In addition, the parties agreed "that with the exception of operation of a motor vehicle[,] all of the elements of a per se violation and a violation of being under the influence of intoxicating liquor, contrary to N.J.S.A. 39:4-50(a), have been established."

Based upon these undisputed facts, the municipal court judge found that the State proved beyond a reasonable doubt that defendant "operated" his car while intoxicated in violation of N.J.S.A. 39:4-50(a). The judge sentenced defendant as a second-time DWI offender to forty-eight hours in the Intoxicated Driver Resource Center in lieu of jail and thirty days of community service. The judge also suspended defendant's driver's license for two years, required him to install an interlock device on his car and maintain it for a period of three years, and ordered him to pay appropriate monetary fines and penalties.

Defendant appealed his conviction to the Law Division, which conducted a de novo trial. On July 10, 2020, the judge rendered a written decision also rejecting defendant's contention that he did not "operate" his car within the intendment of N.J.S.A. 39:4-50(a). The judge found that defendant, while intoxicated, sat behind the wheel of his car with the engine on and intended to operate it. He therefore concluded that defendant was guilty of DWI. The Law

A-4456-19

Division judge imposed the same sentence as the municipal court judge. This appeal followed. On appeal, defendant raises the following contention:

> I. THE LOWER COURT ERRED BY FINDING DEFENDANT GUILTY OF DWI BECAUSE HE DID NOT PLACE HIS CAR INTO MOTION AND HE DID NOT POSSESS THE PRESENT INTENT TO DO SO WHEN HE WAS UNCONSCIOUS OR ASLEEP IN A PARKED CAR.

On appeal from a municipal court, the Law Division's review is de novo. R. 3:23-8(a)(2). The Law Division makes independent findings of fact and conclusions of law but defers to the municipal court's credibility findings where applicable. State v. Robertson, 228 N.J. 138, 147 (2017).

On a subsequent appeal from the Law Division to this court, our review of the Law Division's factual findings is limited to whether the conclusions "could reasonably have been reached on sufficient credible evidence present in the record." State v. Johnson, 42 N.J. 146, 162 (1964). Unlike the Law Division, we do not independently assess the evidence. State v. Locurto, 157 N.J. 463, 471 (1999). "Therefore, appellate review of the factual and credibility findings of the municipal court and the Law Division 'is exceedingly narrow.'" State v. Reece, 222 N.J. 154, 167 (2015) (quoting Locurto, 157 N.J. at 470). However, the Law Division's "interpretation of the law and the legal consequences that

flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

This appeal turns on whether the record supported the Law Division's determination that defendant operated his car within the meaning of N.J.S.A. 39:4-50(a). This statute states that "[a] person who operates a motor vehicle while under the influence of intoxicating liquor . . . or operates a motor vehicle with a blood alcohol concentration of 0.08% or more by weight of alcohol in the defendant's blood" is guilty of DWI. Ibid. We broadly interpret the term "operates" to include more than driving. See State v. Tischio, 107 N.J. 504, 513 (1987); State v. Mulcahy, 107 N.J. 467, 478-79 (1987). Operation may be established by a variety of circumstances, including "actual observation of the defendant driving while intoxicated," "observation of the defendant in or out of the vehicle under circumstances indicating that the defendant had been driving while intoxicated," or the defendant's admission. State v. Ebert, 377 N.J. Super. 1, 10-11 (App. Div. 2005). Furthermore, "[o]peration may be proved by any direct or circumstantial evidence – as long as it is competent and meets the requisite standards of proof." State v. George, 257 N.J. Super. 493, 497 (App. Div. 1992) (citing State v. Dancyger, 29 N.J. 76, 84 (1959)).

We recently sustained a DWI conviction against an intoxicated defendant who was found sleeping in his car with the engine running while parked in a convenience store parking lot. State v. Thompson, 462 N.J. Super. 370, 373-75 (App. Div. 2020), certif. denied, 246 N.J. 214 (2021). Under those circumstances, we concluded "[t]here is no doubt that an intoxicated . . . defendant behind the wheel of a motor vehicle with the engine running is operating the vehicle within the meaning of N.J.S.A. 39:4-50(a), even if the vehicle was not observed in motion; it is 'the possibility of motion' that is relevant." Id. at 375 (quoting State v. Stiene, 203 N.J. Super. 275, 279 (App. Div. 1985)).

Based on these principles and our review of the record, we are satisfied the Law Division reasonably found defendant guilty of DWI on sufficient, credible evidence in the record. Late at night, the police found defendant behind the wheel of his car on the street near an intersection. The car was running. When the officers roused defendant, he told them that he "had come from a friend's house" and they later learned that his own home was about a mile away. Although no one observed defendant drive, the location of the car in the street with the motor running, coupled with defendant's admission that he "had come

6

from a friend's house," provided ample evidence of defendant's operation of the car. Thompson, 462 N.J. Super. at 375.

In so ruling, we reject defendant's contention that a different result is required by the Supreme Court's decision in State v. Daly, 64 N.J. 122 (1973). As the Law Division judge found, Daly is fully distinguishable from the case at hand. In Daly, the Court found that the State failed to prove that the defendant intended to move the motor vehicle where he had been found sleeping in the parking lot of tavern. Id. at 124-25. In that case, the defendant credibly testified that he got into his car after leaving the tavern in order to sleep, reclined the seat, and turned on the motor to keep warm. Id. at 124. Based upon these facts, the Court held that operation could not be inferred beyond a reasonable doubt as the defendant had not demonstrated an intent to drive. Id. at 125.

Here, on the other hand, defendant was found behind the wheel of a running car in the street near an intersection somewhere between his home and "a friend's house." Thus, the inference that he had been driving the car and intended to drive it was inescapable.

Therefore, we discern no basis to disturb the Law Division judge's determination that defendant was guilty of DWI beyond a reasonable doubt.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7

A-4456-19