**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3649-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JOHN BIANCO,

    Defendant-Appellant.

_____

Submitted January 31, 2022 – Decided February 9, 2022

Before Judges Sabatino and Rothstadt.

On appeal from the Superior Court of New Jersey, Law Division, Criminal Part, Monmouth County, Municipal Appeal No. 19-042.

Michael A. Grasso, attorney for appellant.

Lori Linskey, Acting Monmouth County Prosecutor, attorney for respondent (Monica do Outeiro, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel; Jonathan Lugo, Legal Assistant, on the brief).

PER CURIAM

Defendant John Bianco appeals the Law Division's April 24, 2020 order upholding, on de novo review, the municipal court's judgment convicting him of driving while intoxicated ("DWI"), N.J.S.A. 39:4-50(a). The issues on appeal solely concern whether defendant "operated" his car while intoxicated within the meaning of the DWI statute.

The sole witness who testified at the municipal trial was Howell Township Police Officer Kyle Bush, who the municipal judge found "very credible." According to Officer Bush, he observed defendant's BMW parked at a closed gas station at about 12:55 a.m. on June 23, 2018. The car's engine was running, and its headlights and taillights were on. Defendant was in the driver's seat, asleep and hunched over the steering wheel. No one else was in the car. There were no open containers of alcohol seen inside.

The officer aroused defendant and they conversed. During this conversation, the officer smelled the odor of alcohol coming from defendant's breath. Defendant admitted to the officer he had been at a golf outing at a country club in Monmouth County, where he drank several scotches. Defendant said he was from New York and had reserved a hotel room in East Windsor. Although defendant's exact words are disputed, the officer testified that defendant said he had stopped to get some rest and had planned to resume

2

driving at some unspecified time to the East Windsor hotel. The officer administered field sobriety tests, which defendant did not pass, and the officer arrested him for DWI.

After considering the officer's testimony and watching a video of the motor vehicle stop, the municipal judge issued an oral opinion on November 25, 2019, concluding defendant had been "operating" the vehicle within the meaning of the DWI statute.

Defendant then entered a conditional guilty plea to the DWI offense, preserving his right to appeal the "operation" ruling. The companion motor vehicle summons for reckless driving, N.J.S.A. 39:4-96, was dismissed by mutual consent.

The municipal judge imposed a three-month license suspension in New Jersey, twelve hours in the Intoxicated Driver Resource Center, and various fines and penalties. The municipal judge stayed the sentence pending appeal.

On de novo review in the Law Division, and after hearing oral argument, Judge Marc Lemieux affirmed the municipal judge's opinion. Judge Lemieux issued a written opinion on April 24, 2020, concluding the State had proven beyond a reasonable doubt that defendant had a present intent to operate the car, based on the facts of the incident. The judge principally relied upon this court's

recent published opinion in State v. Thompson, 462 N.J. Super. 370 (App. Div. 2020), certif. denied, 246 N.J. 214 (2021), which involved similar facts.

Judge Lemieux denied a further stay of defendant's sentence, and this court did likewise on an emergent application.

On appeal, defendant raises the following points in his brief:

POINT I

THE STANDARD OF REVIEW FOR A MUNICIPAL TRIAL IS DE NOVO.

POINT II

THE DWI SHOULD BE DISMISSED BECAUSE THE STATE CANNOT PROVE ACTUAL OPERATION OF THE MOTOR VEHICLE OR ANY PRESENT INTENT TO OPERATE THE MOTOR VEHICLE.

POINT III

THE INSTANT MATTER IS DISTINGUISHED FROM THE RECENT APPELLATE DECISION IN STATE V. THOMPSON.

We reject defendant's substantive arguments and affirm the judgment of conviction, substantially for the cogent reasons set forth in Judge Lemieux's written opinion. We briefly add a few words of amplification.

N.J.S.A. 39:4-50(a) provides that a person "who operates a motor vehicle while under the influence of intoxicating liquor . . . or operates a motor vehicle

with a blood alcohol concentration of 0.08% or more by weight of alcohol in the defendant's blood" is guilty of driving while intoxicated. Ibid. (emphasis added). In Thompson, this court illuminated the meaning of the term "operates" in this DWI context.

The facts in Thompson, as here, involved a defendant who was found by police asleep in the driver's seat of his car, smelling of alcohol, with the car engine running and its lights on. 462 N.J. Super. at 373. We held in Thompson that such behavior and circumstances can support an inference of a defendant's present intent to drive the car and thereby "operate" it. Id. at 374-76. As we noted, "[t]here is no doubt that an intoxicated and sleeping defendant behind the wheel of a motor vehicle with the engine running is operating the vehicle within the meaning of N.J.S.A. 39:4-50(a), even if the vehicle was not observed in motion[.]" Id. at 375. Rather, it is "the possibility of motion" that is relevant and thus, "'operation' may be found from evidence that would reveal 'a defendant's intent to operate a motor vehicle.'" Id. at 374-75 (citing State v. Tischio, 107 N.J. 504, 513 (1987)) (emphasis added). We added that to adopt a contrary interpretation of the term "operate" would frustrate the strong legislative policies to deter and penalize drunk driving. Id. at 375-76.

Despite defendant's attempts to distinguish the facts in Thompson, we agree with Judge Lemieux that the facts are strikingly similar and that the element of operation has been established here as well. Although defendant did not advise Officer Bush of a specific time that he planned to resume driving to his hotel, there is a reasonable basis in the record for the court to infer that it would occur soon and that he would not remain in the car all night until he became sober. Defendant makes no claim that the car engine was running simply to keep the heater on, and, even if he did, that would not explain why he would need to have his lights illuminated. The evidence was more than ample to sustain the conviction.

Finally, we reject as without merit, defendant's argument that our opinion in Thompson is contrary to previous Supreme Court opinions in DWI cases addressing issues of operation. To the contrary, Thompson is consistent with the legal principles expressed by the Supreme Court as well. See, e.g., State v. Mulcahy, 107 N.J. 467, 477-78, 482 (1987) (construing "operation" and upholding a DWI conviction); State v. Daly, 64 N.J. 122, 125 (1973) (similarly construing "operation" but discerning no intent to operate on the facts presented); State v. Sweeney, 40 N.J. 359, 361 (1963) (likewise construing "operation" and upholding a conviction).

A-3649-19

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3649-19