**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0040-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MATTHEW STRYCHARZ,

    Defendant-Appellant.

_____

Submitted November 14, 2023 – Decided January 10, 2024

Before Judges Natali and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Municipal Appeal No. 6275.

Kalavruzos, Mumola, Hartman, Lento & Duff, LLC, attorneys for appellant (William Les Hartman, on the briefs).

William A. Daniel, Union County Prosecutor, attorney for respondent (Milton Samuel Leibowitz, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Matthew Strycharz appeals the trial court's August 4, 2022 order finding him guilty of operating a motor vehicle under the influence of liquor or drugs, N.J.S.A. 39:4-50. We affirm.

I.

On May 3, 2021, around 5:40 p.m., an officer from the Westfield Police Department was dispatched to investigate a report of a driver hitting another vehicle. When the officer arrived, he observed defendant's car parked on the street in front of his residence, with the vehicle's lights on and the driver's side window down. Defendant was "slumped over" in the driver's seat with his seatbelt on and the car was running with the keys in the ignition.

The officer activated his body worn camera and approached the driver's window. He asked defendant if he was okay, whether he could hear the officer, and whether he was awake. Defendant did not wake at first but eventually roused and responded. The officer smelled a strong odor of alcohol on defendant's breath and observed his bloodshot and watery eyes. The officer asked defendant if he had hit any cars while driving and defendant did not respond or deny driving his car. When the officer asked defendant where he was coming from, defendant replied "my house."

A-0040-22

Defendant complied with the officer's request to exit the car, but stumbled and struggled to maintain his balance. Another officer arrived on scene and also observed indicia of defendant's intoxication.

After defendant failed four field sobriety tests, he was arrested for operating a vehicle under the influence of liquor or drugs, N.J.S.A. 39:4-50. A search of the vehicle uncovered six containers of alcohol the officer described as "airplane shooters," four of which were empty, resulting in an additional charge for having an open container of alcoholic beverage in a motor vehicle, N.J.S.A. 39:4-51(b).

Both charges were tried on three dates before Municipal Court Judge Parag Patel, during which defendant invoked his right to remain silent. On March 22, 2022, Judge Patel found defendant guilty of both offenses and sentenced him to 180 days in jail, 90 days in the Intoxicated Driver Resource Center (IDRC), an eight-year license suspension, ten-year ignition interlock, and mandatory fines and penalties. The municipal court stayed the imposition of the custodial sentence pending appeal pursuant to State v. Robertson, 228 N.J. 138 (2014).

Defendant filed a notice of appeal to the Law Division and on August 1, 2022, an appeal de novo on the record was held before Judge John M. Deitch.

A-0040-22

Defendant argued there were insufficient facts in the record to support the conviction. Although defendant did not deny he was intoxicated in the running vehicle, he contended he did not possess the requisite intent to move or operate the car. He further argued the court should not hold his silence during the investigation against him because he had a Fifth Amendment right not to answer the officer's questions.

On August 4, 2022, in a written decision, the court found defendant guilty of N.J.S.A. 39:4-50. First, the court noted:

> Instead of a bright line rule based upon driving the vehicle, or even simply having the engine turned on under any circumstance, the finder of fact must rely upon what is essentially the totality of circumstances test on those rare cases where the defendant is not seen operating the vehicle.

Citing State v. Thompson, 462 N.J. Super. 370 (App. Div. 2020), the judge noted "operation" of a vehicle encompasses more than "driving" a vehicle, and instead includes instances where a defendant has the intent to drive or where officers' observations indicate a defendant has driven the vehicle. The court then addressed defendant's reliance on State v. Daly, 64 N.J. 122 (1973), setting forth the salient facts in that case:

> In Daly, the defendant was arrested on February 15, 1972, at 3:20 a.m., while sitting in his car, which was parked in the parking lot of a tavern. Daly, 64 N.J. at

4

124. There was no dispute that the tavern closed at 2:00 a.m. Defendant was sitting in the driver's seat, which was slightly reclined, with his vehicle's lights off, but the motor running. Id. When the arresting officer asked what he was doing, defendant told the officer he was sitting in the car to keep warm and intended to drive home in a little while. Id. The officer had defendant step out of the car and immediately noted he was intoxicated. Id. The arresting officer told the defendant that due to his condition, that he could not drive his vehicle. Id. The defendant became upset and uttered that he would drive his car when he felt like it. Id. The defendant was then placed under arrest. Id.

. . .

On appeal, the New Jersey Supreme Court found that there was insufficient evidence to prove that the defendant intended to operate his motor vehicle. Id. The . . . Court reasoned that the tavern was required to close at 2:00 a.m., and, as a result, the defendant had been in his car for at least one hour and twenty minutes without driving when come upon by the police. Id.

In rejecting defendant's reliance on Daly, the court reasoned:

Comparing the factually unique Daly to the case at bar, it is clear that it is entirely distinct. Here:

- Defendant's car was idling on a public street, outside his home, and was not within a parking lot on private property;

- The vehicle's lights were on, Defendant was seated upright, and he had his seatbelt on;

- Defendant lived alone, and his driveway was clear and available for use. Said differently,

5

there was nothing in the record to indicate a reason for Defendant to get drunk on a public street instead of the privacy of his own home;

- Defendant did not address his operation of the vehicle with the police. To the contrary, Defendant did not deny operating the vehicle when repeatedly accused of doing so. The most Defendant said was that he had come from his house, which was an obvious necessity, as he had to leave his home to be in his car, which was parked on the street;

- The weather was appropriate for May, and, despite a drizzle, there was no obvious need for the Defendant to run the car for heat. Further, Defendant's having the driver's side window down indicates that heating the car was not an issue; [and]

- If the Defendant had a need to rest or sober up, his home was feet away.

The court asked, "what is the more logical, the more reasonable, and the more probable course of events[,]" and concluded the State proved beyond a reasonable doubt defendant had operated his vehicle.

In a footnote, the court also rejected defendant's contention that his silence at the scene should not have been held against him. Citing both United States and our Supreme Court precedent, the judge noted "there is no Fifth Amendment right with regard to an officer's questions about a driver's potential impaired operation of a motor vehicle[,]" and therefore an officer may ask "routine

6

questions" and may continue questioning if "responses to those questions are contradictory or contrary to other information known to police[.]" The judge further opined "a finder of fact is free to reject defense counsel's arguments claiming that Defendant was simply sitting in his car drinking to the point of passing out if they do not comport with common sense and human experience—as is the case here."

This appeal follows.

II.

In reviewing the Law Division's decision on a municipal appeal, we must focus on "whether there is 'sufficient credible evidence . . . in the record' to support the trial court's findings." Robertson, 228 N.J. at 148 (quoting State v. Johnson, 42 N.J. 146, 162 (1964)). "[A]ppellate courts ordinarily should not undertake to alter concurrent findings of facts and credibility determinations made by two lower courts absent a very obvious and exceptional showing of error." Ibid. However, "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Rowe v. Bell & Gossett Co., 239 N.J. 531, 552 (2019) (alteration in original) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

A-0040-22

When reviewing the sufficiency of evidence to support a conviction for a motor vehicle offense, the relevant question is whether "there is sufficient credible evidence present therein to support the trial judge's finding beyond a reasonable doubt." State v. Feintuch, 150 N.J. Super. 414, 423 (App. Div. 1977).

Defendant raises the following issues for our consideration:

POINT I

THE STATE FAILED TO PROVE BEYOND A REASONABLE DOUBT THAT [DEFENDANT] EITHER RECENTLY OPERATED OR INTENDED TO OPERATE HIS MOTOR VEHICLE WHILE UNDER THE INFLUENCE OF ALCOHOL.

POINT II

THE COURT COMMITTED PLAIN ERROR IN RELYING ON DEFENDANT'S SILENCE AS EVIDENCE OF HIS GUILT.

Having reviewed defendant's contentions in light of the record, we affirm substantially for the reasons articulated in Judge Deitch's well-reasoned decision. We add the following brief comments.

Defendant was belted into the driver's seat of his car, slumped over and sleeping. The car was parked on the street outside of his residence in the early evening, with the keys in the ignition, engine running, window down and lights on. When asked if he had recently driven his car, defendant did not respond,

A-0040-22

deny or attempt to explain why he was in the vehicle; when asked where he was coming from, defendant said he was coming from his house. Officers observed several indicia of alcohol use in defendant's appearance, gait and inability to complete four field sobriety tests. We agree with the court's determination the facts attendant here are readily distinguishable from <u>Daly</u>, and demonstrate beyond a reasonable doubt defendant operated his vehicle under the influence of alcohol. Likewise, we take no issue with the judge's consideration of defendant's lack of responsiveness to the officers, for the reasons articulated in his decision.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0040-22