**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1226-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

LUIS RIVAS,

    Defendant-Appellant.

_____

Submitted March 18, 2025 – Decided March 27, 2025

Before Judges Gooden Brown and Vanek.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Municipal Appeal No. 23-18.

The Tormey Law Firm, attorneys for appellant (Louis J. Keleher, on the brief).

Mark Musella, Bergen County Prosecutor, attorney for respondent (K. Charles Deutsch, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Luis Rivas appeals the trial court's order denying his motion to dismiss the charge against him for operating a motor vehicle under the influence of intoxicating liquor, N.J.S.A. 39:4-50(a).  We affirm.

I.

We glean the salient facts from the record.  At around 2:56 a.m. on February 9, 2022, a Cresskill Police Officer observed defendant asleep in his vehicle, parked on a residential street with the engine running and lights on. Upon moving closer to defendant, the officer observed an open wine bottle in the center console.  After multiple attempts to wake defendant, he ultimately rolled his window down for the responding officer.  The officer detected an odor of alcohol on defendant's breath and observed that defendant's eyes were bloodshot and watery.  Defendant failed field sobriety tests and was arrested for operating a motor vehicle under the influence of intoxicating liquor (DWI), N.J.S.A. 39:4-50(a), and for having an open alcoholic beverage container in the vehicle, N.J.S.A. 39:4-51(b).

Defendant filed a motion to dismiss the DWI charge, contending the State cannot establish his "operation" of the vehicle to establish his guilt.  Based on the undisputed material facts and prevailing law, the municipal court found that the State had presented sufficient evidence that defendant had operated the

vehicle in violation of N.J.S.A. 39:4-50(a) to proceed with its case and denied the motion.

Defendant then entered a conditional guilty plea to both charges, reserving his right to appeal. At the outset of the plea allocution, the parties stipulated that defendant was intoxicated based on the officer's observations rather than the Alcotest results. Defendant admitted he was sleeping in his vehicle while it was running and that he consumed a standard-size bottle of wine, which impacted his ability to operate the vehicle. Defendant also admitted he failed the field sobriety tests, had bloodshot and watery eyes, smelled of alcohol, and had an open bottle of wine in his car. The court accepted the guilty plea and sentenced defendant to a three-month interlock with a license suspension until its installation, twelve hours of Intoxicated Driver Resource Center education courses, and payment of mandatory fines. The municipal court stayed defendant's sentence pending appeal.

Defendant appealed the municipal court's denial of his motion to dismiss the DWI charge to the Law Division. At the conclusion of oral argument, the Law Division judge affirmed the municipal court's denial stating:

> In the present case[,] I agree with the State and find that the record establishes defendant's guilt beyond a reasonable doubt for [DWI] under N.J.S.A. 39:4-50

and that the [m]unicipal [c]ourt was correct to deny the motion to dismiss.

The New Jersey Appellate Division has confirmed that the State can prove operation through a variety of different methods including actual observation of the defendant in or out of the vehicle and the circumstances indicating that the defendant had been driving while intoxicated or by defendant's admission.

New Jersey case law also indicates that operation of a vehicle may be proven by any direct or circumstantial evidence as long as it is competent and meets the requisite standards of proof.

The broad definition of operation in the [DWI] Statute includes more than driving. In fact, [a] recent New Jersey case ruled on nearly analogous facts to this case . . . . There is no doubt that an intoxicated driver and sleeping defendant behind the wheel of a motor vehicle with the engine running is operating the vehicle within the meaning of N.J.S.A. 39:4-50(a). Even if the vehicle is not observed in motion, it is the possibility of motion that is relevant . . . .

In this case[,] no police officer witnessed the defendant driving the motor vehicle. However, law enforcement personally observed the defendant intoxicated and the keys in the ignition with the engine running. Since New Jersey courts have recently held that these two facts in conjunction meet the definition of operation under N.J.S.A. 39:4-50(a), I agree with the State and the findings of the [m]unicipal [c]ourt.

[(internal citations omitted).]

A-1226-23

Defendant appealed, raising the following arguments for our consideration:

POINT I

THE SUPERIOR COURT COMMITTED REVERSIBLE ERROR BY HOLDING THAT THE STATE WAS ABLE TO PROVE INTENT TO OPERATE SOLELY WITH THE EVIDENCE THAT THE DEFENDANT WAS FOUND ASLEEP IN THE DRIVER'S SEAT WITH THE CAR RUNNING WHICH RESULTED IN EXTREME PREJUDICE TO THE DEFENDANT AND A MANIFEST INJUSTICE.

POINT II

THE MUNICIPAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO GRANT THE DEFENDANT'S MOTION TO DISMISS, AS THE STATE OF NEW JERSEY CANNOT PROVE THE DEFENDANT OPERATED A MOTOR VEHICLE IN VIOLATION OF N.J.S.A. 39:4-50.

Our analysis of defendant's arguments follows.

II.

Prevailing law informs our review, recognizing that on appeal of a Law Division order entered after its de novo review of an appeal from a municipal court determination, we "consider only the action of the Law Division and not that of the municipal court." State v. Oliveri, 336 N.J. Super. 244, 251 (App. Div. 2001) (citing State v. Joas, 34 N.J. 179, 184 (1961)).

5                                                          A-1226-23

In reviewing the Law Division's decision on a municipal appeal, we must focus on "whether there is 'sufficient credible evidence . . . in the record' to support the trial court's findings." State v. Robertson, 228 N.J. 138, 148 (2017) (quoting State v. Johnson, 42 N.J. 146, 162 (1964)).  "A trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference."  Rowe v. Bell & Gossett Co., 239 N.J. 531, 552 (2019) (alteration in original) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

Having reviewed defendant's contentions in light of the record, we affirm based on prevailing law.  There was sufficient evidence in the record of defendant's operation of the vehicle to withstand dismissal of the charge based on our jurisprudence, including State v. Thompson, 462 N.J. Super. 370, 374 (App. Div. 2020), where we addressed "whether an intoxicated individual, seated behind the wheel of a vehicle with its engine running, is in violation of N.J.S.A. 39:4-50(a)."  After police smelled the "strong odor of [an] alcoholic beverage," the defendant admitted to having "a couple of drinks" and failed several field sobriety tests, leading to his arrest.  Id. at 373.  In Thompson we determined:

> [A]n intoxicated person could be found guilty of violating N.J.S.A. 39:4-50(a)[] when running the

engine without moving the vehicle . . . or by moving or attempting to move the vehicle without running its engine. The Supreme Court has held that an individual who staggers out of a tavern but is arrested before he is able to insert a key into his vehicle's ignition may be convicted of N.J.S.A. 39:4-50(a). In short, operation not only includes the circumstances to which we have just referred but may also be established by observation of the defendant in or out of the vehicle under circumstances indicating that the defendant had been driving while intoxicated. For example, we sustained a [DWI] conviction where the defendant was not even in her vehicle but instead was looking for her vehicle in a restaurant parking lot while in an intoxicated state. There is no doubt that an intoxicated and sleeping defendant behind the wheel of a motor vehicle with the engine running is operating the vehicle within the meaning of N.J.S.A. 39:4-50(a), even if the vehicle was not observed in motion; it is the possibility of motion that is relevant.

[Thompson, 462 N.J. Super. at 375 (internal citations and quotations omitted).]

We affirmed the defendant's conviction in Thompson, finding he had operated a vehicle within the meaning of the statute. Id. at 372.

Here, defendant posits that his motion to dismiss the DWI charge was improperly denied under decisional law, including State v. Daly, 64 N.J. 122 (1973). We are unpersuaded that Daly warrants reversal. In Daly, the defendant was in his car with the lights turned off and the car running because he was cold. Id. at 124. Defendant testified he was trying to "sleep it off" after realizing he

had too much to drink.  Id. at 125.  The evidence in Daly supported the finding the defendant lacked the intent to operate the vehicle—and had not driven the vehicle—because police found him in the vehicle with the seat reclined at about 3:20 a.m. in the parking lot of the tavern, which had closed at 2:00 a.m., with the defendant testifying he left between 12:00 a.m. and 12:30 a.m.  Id. at 124-25.  Nor did police find alcohol in the defendant's vehicle.  Id. at 124.

Defendant in this case was found in his vehicle with the engine running, the lights on, an open bottle of wine in the center console, and with indicia of intoxication.  On appeal before the Law Division, defense counsel asserted defendant turned the car on to keep warm because it was a cold February night, just like in Daly.  Even considering this assertion, we discern no error with the Law Division's determination that defendant's motion to dismiss was properly denied.  The record established a triable issue as to defendant's intent to operate the vehicle.  Accordingly, we affirm the Law Division's denial of defendant's appeal of his motion to dismiss, concluding the State established a sufficient showing of "operation" under N.J.S.A. 4:50-1 to withstand dismissal.

The stay previously granted is continued for three business days from the entry of this decision by the clerk to allow the parties to seek emergent relief from the Supreme Court.  Should any party file an emergent application with the

Supreme Court, the stay shall continue until the Supreme Court disposes of that application, or until further order of the Court.

To the extent we have not addressed any of the remaining arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-1226-23